# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DOES, A.S. and S.S.             PLAINTIFFS/COUNTER DEFENDANTS

v.          No. 4:23-cv-1193-DPM

VILONIA SCHOOL DISTRICT         DEFENDANT/COUNTER PLAINTIFF

## ORDER

The parties have not resolved the fees/costs issue, and the Court must decide it. The parents' motion for attorney's fees and costs is partly granted and partly denied as specified.

*First*, the costs. The Court reduces the proposed amount. Fed. R. Civ. P. 54(d)(1). The copies and filing fee are recoverable. 28 U.S.C. § 1920. The binders and travel costs are not. But travel costs are routinely billed to clients in this district and will be awarded as part of the fee. The Court declines to award the cost of reusable miscellaneous binders. All together, the Court awards $800.64 in costs.

*Second*, the attorney's fee. The Court agrees that it's time to increase Ms. Caldwell's hourly rate, but not by as much as she proposes. Given counsel's experience, and the nature of the issues presented in this case, the reasonable hourly rate for Ms. Caldwell is $275. Considering these same factors, $250 is a reasonable hourly rate

for Mr. Fendley.  And $100 is reasonable for Ms. Hogancamp, the paralegal.  Here is the lodestar—those rates multiplied by the hours spent. *Hensley*, 461 U.S. at 433.

| | | | | |
|---|---|---|---|---|
| Theresa Caldwell | 101.46 hours | x $275/hour | = | $27,901.50 |
| Clay Fendley | 49.66 hours | x $250/hour | = | $12,415.00 |
| Darlene Hogancamp | 6.12 hours | x $100/hour | = | $612.00 |
| | | | | $40,928.50 |

*Doc. 33-1 at 12–16 & 33-2 at 5–6.*  But the Court must make an additional reduction to arrive at a reasonable fee. *Hensley*, 461 U.S. at 434–37.  The Court finds that this case was a nuanced and fact-heavy dispute, involving a litany of tests, assessments, and individualized education plans. *Doc. 30.*  The material facts developed over a five-year period.  And the Court does not see how the whole could have been trimmed down much.  But it does agree with the District on one point—Ms. Caldwell's block billing practice is disfavored. *E.g., Doc. 73 at 6* in *Jacksonville North Pulaski School District v. D.M.*, Case No. 4:20-cv-256-BRW (E.D. Ark. 20 July 2021).  And in their due process complaint, the parents alleged that the District violated § 504 of the Rehabilitation Act and the Americans with Disabilities Act. *Doc. 1 at 38.*  The hearing officer found those claims to be non-justiciable. *Ibid.*  To account for the limited success and some excessive time, the Court's award discounts the request for Ms. Caldwell, Mr. Fendley, and Ms.

Hogancamp's time by ten percent—coming out to $36,835.65. Adding the travel expenses, the total attorney's fee is $37,034.56.

*

Motion for attorney's fees and costs, *Doc. 33*, granted as specified. The Court awards a reasonable attorney's fee of $37,034.56 and costs of $800.64 for a total of $37,835.20.  Judgment, taxing the entire award as costs, will issue.  20 U.S.C. § 1415(i)(3)(B)(i).

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

10 September 2025